UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EAST COAST PLAST SURGERY, P.C., *Plaintiff*,<br><br>v.<br><br>AETNA HEALTH & LIFE INS. CO., *Defendant.* | No. 3:23-cv-1173 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Aetna Health and Life Insurance Company's (**"**Aetna" or **"**Defendant') motion to dismiss this case for failure to prosecute, ECF No. 16, is **GRANTED**.

Before the U.S. District Court for the Southern District of New York, East Coast Plastic Surgery, P.C. ("East Coast Plastic Surgery" or "Plaintiff') did not respond to an order to show cause for why the case should not be transferred to the District of Connecticut, this Court. Since this case's transfer, East Coast Plastic Surgery has yet to file anything on the docket, despite a notice, ECF No. 9, that a disclosure statement must be filed under Federal Rule of Civil Procedure 7.1, and another notice, ECF No. 14, that East Coast Plastic Surgery's counsel would not be added to this case and their filings would not be accepted until they complied with the District of Connecticut's attorney admissions requirements under Local Rule 83.1. *See* ECF No. 14.

Because of this seeming abandonment of the case by East Coast Plastic Surgery, on March 25, 2024, the Court ordered East Coast Plastic Surgery to remedy the issue of compliance with the Local Rules by April 5, 2024, or Aetna may move to dismiss this case for failure to

prosecute. *See* ECF No. 15. On May 7, 2024, Aetna did move to dismiss this case for failure to prosecute. ECF No. 16.

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss a case for failure "prosecute or to comply with [the Federal] rules." And as the Second Circuit has held, "[i]t is unquestioned that Rule 41(b)... gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Halls Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996)). In this case, all five factors favor this case's dismissal.

As to the first factor, this case has been pending since August 25, 2023, ECF No. 1. Yet, East Coast Plastic Surgery has not made any other court filings and has failed to respond to multiple orders and notices from the Court requiring a response. *See* Order to Show Cause, ECF No. 6; Order, ECF No. 7 ("Plaintiff has not responded to the order to show cause"); Notice, ECF No. 9 (notice to file disclosure statement that East Coast Plastic Surgery has not responded to); Notice, ECF No. 14 (notice to comply with Local Rule 83.1 that East Coast Plastic Surgery has not responded to). As a result, since August 25, 2023, East Coast Plastic Surgery has failed to comply with this Court's orders. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (holding that dismissal was appropriate where plaintiff failed to prosecute the case for

six months); *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) ("The district court reasonably concluded that the . . . noncompliance was significant: by the time the court issued its decision, eleven months had passed since [the plaintiff's] response to discovery demands was first due. In the context of Rule 41(b), we have found that shorter delays could support dismissal.").

As to the second factor, on March 24, 2024, this Court notified East Coast Plastic Surgery that Aetna could move to dismiss this case for failure to prosecute, if they did not comply with Local Rule 83.1 by April 5, 2024. Thus, East Coast Plastic Surgery has been on notice that their failure to comply could result in dismissal for nearly seven months. *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (affirming dismissal for failure to prosecute when plaintiff had received notices eight months before dismissal that the case could be dismissed for failure to prosecute).

As to the third factor, prejudice, Aetna notes the unreasonableness and willfulness of the delay. Because of the repeated lack of a response from East Coast Plastic Surgery despite being notified that dismissal may occur, prejudice can be presumed. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 39–40, 43 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed[.]").

As to the fourth factor, the Court's interest in managing its docket vis-à-vis the Plaintiff's interest in being heard, East Coast Plastic Surgery has been allowed over a year to be heard and to file anything other than a Complaint in this case and have failed to do so, despite other active pending cases on this Court's docket. *See Hunter*, 515 F. App'x at 43 ("[T]he District Court afforded plaintiff seven months to respond to defendant's motion to dismiss for failure to prosecute before granting the motion, demonstrating that the need to alleviate court calendar

congestion was carefully balanced against plaintiff's right to an opportunity for a day in court." (internal citation and quotation marks omitted)).

As to the fifth factor, consideration of less drastic measures, this Court has given notices to comply with the Local and Federal Rules as well as an opportunity to remedy compliance before Aetna moved for dismissal. None of these notices or opportunities have caused East Coast Plastic Surgery to respond in this case. In fact, five months have passed since Aetna filed its motion to dismiss on May 7, 2024, yet East Coast Plastic Surgery has still not responded to any court order, notice, or motion in the case. *See* Motion to Dismiss, ECF No. 16. Thus, less drastic measures would not be appropriate in this case. *See, e.g.*, *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) ("[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record[.]" (citations omitted)).

As a result, having weighed all five factors, dismissal of this case for failure to prosecute is appropriate. *See, e.g.*, *Storey v. O'Brien*, 482 Fed. Appx. 647, 648–49 (2d Cir. 2012) (finding that the district court did not abuse its discretion when the district court weighed the factors, identified a signification duration of delay, warned appellants that court orders could result in appropriate sanctions, and considered defendant's prejudice from delay); *Edwards v. Janssen Pharm. Inc.*, No. 17-cv-918 (NSR)(LMS), 2018 WL 4658807, at *2 (S.D.N.Y. May 9, 2018) (dismissing the action due to the plaintiff's willful failure to comply with the Court's scheduling notice & order, refusal to participate in a court conference, a three-month delay, and potential prejudice to the defendants).

Accordingly, the Court **GRANTS** Defendant's motion to dismiss and orders this case **DISMISSED without prejudice**.

If East Coast Plastic Surgery wishes to pursue this action, it may file a motion to reopen the case **by November 15, 2024**. Any motion to reopen must set forth good cause for the failure to prosecute and to comply with this Court's orders, and a basis for reopening the case.

If Plaintiffs fail to file a motion to reopen that complies with this order by **November 15, 2024**, this case will be dismissed with prejudice.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut this 18th day of October, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE